F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS E. RICHARDS,

Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents - Appellees.

No. 02-6018
(D. C. No. 01-CIV-1700-W)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Dennis E. Richards, appearing pro se, seeks a certificate of

appealability (COA) to pursue his appeal of the district court's dismissal of his

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The

district court denied both the § 2254 petition and the subsequent application for a

COA. Determining that the district court correctly dismissed the petition as

untimely, we deny his application and dismiss the appeal.

Mr. Richards was convicted of first-degree rape, kidnaping, and sodomy, in

May 1986. The Oklahoma Court of Criminal Appeals affirmed the conviction in

July 1990. Mr. Richards asserts that he filed a post-conviction application in state

court on March 21, 2001. It was denied, and the Oklahoma Court of Criminal

Appeals affirmed the denial on July 11, 2001. Mr. Richards filed his petition for

habeas corpus on October 22, 2001, at the earliest.[1] In his petition for habeas

corpus, Mr. Richards claimed ineffective assistance of trial and appellate counsel,

as well as a due process violation based on his absence during jury selection.

Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), a 1-

year limitation period applies to a state prisoner's application for a writ of habeas

corpus. 28 U.S.C. § 2244(d)(1). Because Mr. Richards's conviction became final

before Congress enacted AEDPA, the statute of limitations did not begin to run

until AEDPA's effective date, April 24, 1996. Gibson v. Klinger, 232 F.3d 799,

---

[1] This is the date on which Mr. Richards executed the petition and may
have deposited it in the prison mail system. Hoggro v. Boone, 150 F.3d 1223,
1226 n.3 (10th Cir. 1998) (using the date of deposit in the prison mail system as
the filing date). The petition was stamped by the district court on October 29,
2001.

803 (10th Cir. 2000). Thus, absent tolling, Mr. Richards had until April 23, 1997, to file his petition for habeas corpus.

A properly filed application for post-conviction review in state court tolls the limitation period. 28 U.S.C. § 2244(d)(2). However, Mr. Richards's state application could not toll the federal limitation period, because he did not file it until March 21, 2001, well after the 1-year period had expired.

Equitable tolling applies "only in rare and exceptional circumstances," such as actual innocence or uncontrollable circumstances that prevent timely filing. Gibson, 232 F.3d at 808 (internal quotation marks and citation omitted). "Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Id. Mr. Richards has presented no basis for equitable tolling, and our examination of the record has revealed no such basis.

For these reasons, we hold that the district court properly dismissed the petition for a writ of habeas corpus as untimely.

In order to be entitled to a COA when a petition for habeas corpus has been dismissed on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S.

473, 484 (2000). AEDPA's statute of limitations is clear as applied to the facts of this case, and Mr. Richards has therefore failed to satisfy this standard.

We therefore DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge